

Eastern District of Kentucky
FILED
FEB 21 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-172-GWU

ADA L. FIELDS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning a specific step in the test is in order.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimus hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

## DISCUSSION

The plaintiff, Ada L. Fields, filed an application for SSI on June 14, 2002, alleging disability due to problems with her back, legs, and stomach, as well as headaches, cysts on her liver, low blood sugar, weakness, and depression. (Tr. 65). After hearing the plaintiff's testimony and reviewing the evidence, an Administrative Law Judge (ALJ) found that the plaintiff had no "severe" impairment. (Tr. 21). Therefore, the ALJ terminated his inquiry at Step Three of the Garner analysis. The Appeals Council declined to review, and this action followed.

The plaintiff had testified at the administrative hearing that her worst problem was her back, followed by anxiety. (Tr. 305-6). Medical treatment both before and after her alleged onset date includes a variety of workups for pelvic pain. An ultrasound and CT scanning of the abdomen and pelvis showed some small hepatic cysts as well as an abnormal bubbly appearance of the right side of the sacrum. (Tr.

Fields

206, 212). Her treating family physician, Dr. Roy Varghese, found tenderness of the lumbosacral spine, but no neurological deficits, and an MRI of the lumbar spine was reported as being "essentially normal." (Tr. 216-19). Dr. Varghese did not suggest any functional restrictions.

The only examining source to give functional restrictions was Dr. Hughes Helm, who examined the plaintiff on May 4, 2003. (Tr. 198).[1] Dr. Helm apparently did not obtain any objective studies, but did note sacroiliac tenderness to palpation; otherwise, he felt the plaintiff had a completely normal examination. (Tr. 201). He completed a physical residual functional capacity form limiting the plaintiff to occasionally climbing, balancing, kneeling, crouching, crawling, and stooping because of possible sacroiliac joint arthritis. (Tr. 202-5). The only state agency physician who reviewed the record for physical conditions completed his report before Dr. Helm conducted his second examination. (Tr. 195-6).

In his decision, the ALJ mentioned Dr. Helm's conclusions only in passing. (Tr. 19).

In the present case, since Dr. Helm found some sacroiliac tenderness, there is at least some objective evidence to support his conclusions that the plaintiff would have postural limitations. The treating sources did not express an opinion, and the

---

[1] Dr. Helm had previously examined the plaintiff in August, 2002 (Tr. 155-8), but was not licensed to practice medicine in Kentucky before March 27, 2003. See Kentucky Board of Medical Licensure, available at http://weba.state.ky.us/genericsearch/LicenseList.asp?AGY=5&TYPE=.

Fields

state agency reviewers apparently did not see Dr. Helm's recent report. Therefore, the Helm restrictions have not been properly discounted. Moreover, the combination of these postural restrictions would very likely have more than a minimal effect on the plaintiff's ability to work and, as a result, the plaintiff cannot be classified as having no "severe" impairment.  Social Security Ruling 85-15 notes that everyday activities require the ability to perform some climbing and to maintain body equilibrium.  Although the Ruling goes on to indicate that some limitation in climbing and balancing by itself would not "ordinarily have a significant impact on the broad world of work," the <u>combination</u> of these restrictions along with limitations on stooping, kneeling, crouching, and crawling, as the plaintiff has in the present case, is not specifically addressed by 85-15.  Therefore, since no vocational expert (VE) testimony was obtained in the present case, it cannot be said that the failure to identify a severe impairment and give restrictions to a VE was harmless error.

The decision will be remanded for further consideration.

This the 21 day of February, 2006.

G. WIX UNTHANK
SENIOR JUDGE